**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| DARRELL WATZ and<br>KAY WATZ,<br><br>     Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br>a Delaware corporation,<br><br>     Defendant.<br>_____/ | Case No. 2:08-cv-10376<br><br>HON. PATRICK J. DUGGAN |

## AGREED PROTECTIVE ORDER

  Pursuant to Fed. R. Civ. P. 26, and for good cause shown, Plaintiffs Darrell Watz and Kay Watz ("Plaintiffs") and Defendant Wal-Mart East, LP, on behalf of itself and the improperly named Defendant Wal-Mart Stores, Inc. ("Defendant"), by their respective counsel, hereby stipulate to the entry of the following protective order to preserve and maintain the confidential information and records the parties obtain during discovery. Specifically, the parties stipulate that information and records reflecting the personnel information of non-party associates (including but not limited to disciplinary documents, performance appraisals, and documents concerning promotions or transfers), protected health information under the Health Insurance Portability and Accountability Act ("HIPAA"), Defendant's computer based learning modules, Plaintiffs' personal financial information including tax returns, and other "Confidential Information," obtained during discovery should be preserved and maintained as confidential. The Court specifically finds that good cause exists for this protective order.

  1.  Plaintiffs have filed an action against Defendant concerning acts that have allegedly occurred during Plaintiff Darrell Watz's employment as an Assistant Manager with

Defendant.  Plaintiff Kay Watz has also alleged a claim for loss of consortium premised on the aforementioned alleged conduct.

2.      Plaintiffs seek personnel information of non-party associates, including but not limited to disciplinary documents, performance appraisals, documents concerning promotions or transfers, and other "Confidential Information."

3.      Defendant also seeks, may seek or may want to introduce as evidence Plaintiffs' protected health information under HIPPA, financial information from Plaintiffs including tax returns, or Defendant's computer based learning modules, or Defendant's security protocols.

4.      "Confidential Information" means information and records reflecting the personnel information of non-party associates (including but not limited to disciplinary documents, performance appraisals, and documents concerning promotions or transfers), protected health information under the Health Insurance Portability and Accountability Act ("HIPAA"), Plaintiffs' personal financial information, including tax returns, and Defendant's computer based learning modules.  In addition, Confidential Information means Defendant's trade secrets and other information that is of a proprietary, business, financial or technical nature and not readily available to competitors, potential competitors or the public, the value of which arises from its secrecy and the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by Defendant to have the potential for causing competitive harm to it or giving a competitive advantage to others. Fed. R. Civ. P. 26(c)(7).  The term "trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that is both of the following:  (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value

from its disclosure or use, or (ii) is the subject of efforts that are reasonably under the circumstances to maintain its secrecy. Michigan Uniform Trade Secrets Act, M.C.L. 445.1902.

5. Plaintiffs plan to or may obtain the information described in paragraph 2 during the discovery phase of this lawsuit. Defendant plans to or may obtain information described in paragraph 3 during the discovery phase of this lawsuit.

6. Plaintiffs and Defendant have mutually agreed to certain designated measures that will protect their respective interests in connection with discovery requests.

7. The measures designated by Plaintiffs and Defendant are reasonable and will not prejudice anyone or unduly burden the Court.

WHEREFORE, it is hereby **AGREED** and **ORDERED** that:

1. Specifically, any Confidential Information or documents as defined above provided by Plaintiff or Defendant in response to either Plaintiffs' Request for Production of Documents or Interrogatories to Defendant, or Defendant's First Interrogatories or Request for Production of Documents to Plaintiffs, is herein designated as "CONFIDENTIAL" and shall be subject to the terms and restrictions of this Agreed Protective Order.

2. Any other documents, or portion thereof, and any other form of evidence voluntarily produced or discovered pursuant to Rules 26 through 37, of the Federal Rules of Civil Procedure, that contain confidential information may be designated by Plaintiffs and Defendant as "Confidential" and shall be subject to the terms and the restrictions of this Agreed Protective Order.

3. Documents, information or materials may be designated as "Confidential" as follows:

(a)      Documents or copies containing Confidential Information provided during discovery may be designated as "Confidential" by marking the initial page "Confidential" at the time they are produced for inspection. In lieu of marking the original of a document, if the original is not produced, the party may mark the copy that is produced. At the time documents are inspected by the opposing party, producing counsel may also designate documents as "Confidential" by orally indicating their confidential nature and that they are subject to this Order; however, the initial page of all such documents shall be marked "CONFIDENTIAL" at the time they are produced.

(b)      Portions of answers to interrogatories and other discovery responses, affidavits, briefs, memoranda or other papers filed with the Court (subject to the provisions of paragraph 5) containing Confidential Information must be designated as "Confidential" by prominently marking such pages "CONFIDENTIAL."

(c)      Confidential Information disclosed at the deposition of a party or of one of its present or former officers, directors, employees, agents, or consultants or an expert (or a non-party who agrees to the terms of this Order) may be designated as "Confidential" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Where such designation is made during a deposition, the restrictions set out in paragraph 4 hereof will apply. Alternatively, the party or non-party may designate Confidential Information disclosed at such deposition as "Confidential" by thereafter notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in his possession, custody or control. All depositions shall be treated as "Confidential" in the manner described below for a period of thirty (30) days after receipt of the transcript, or until receipt of the notice referred to in this paragraph, which ever occurs sooner.

(d)      Tangible objects considered confidential may be designated as "CONFIDENTIAL" by affixing to the object or its container a label or tag marked "CONFIDENTIAL."

4.      Access to documents, information and materials that have been designated as "Confidential" shall be governed by the following:

Documents, information and materials designated as "Confidential" shall be made available only to (i) Plaintiff; (ii) Plaintiffs' counsel or other employee or representative specifically acting at the direction of Plaintiffs' counsel who may be assigned

to and/or whose involvement may be necessary to assist in the conduct of this action; (iii) Defendant; (iv) Defendant's counsel or other employee or representative specifically acting at the direction of Defendant's counsel who may be assigned to and/or whose involvement may be necessary to assist in the conduct of this action; (v) independent experts or consultants retained by either party to assist in the preparation or trial of this cause for use solely in such preparation or trial; and (vi) the Court, any agent of the Court, court personnel, and deposition and trial court reporters.

5.     Documents, information or materials designated as "Confidential" may be filed with the Court.  Should any party have good cause to seal from public view any Confidential Information that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Sixth Circuit case law regarding filing materials under seal.  Any member of the public may challenge any attempt by any party to the sealing of documents filed with the Court.

6.     All protected documents or Confidential Information shall be used solely for the purpose of this litigation, and shall not be used for any other purpose. the purpose of any other litigation against the Defendant.  Nothing in this Order shall prevent either party from using any information classified as "Confidential" at trial, during a hearing, or similar proceedings in this action only.  However, Plaintiffs and Defendant (or the party that designated the Confidential Information in question) may request that the portion of the proceedings where said use is made shall be in camera and that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraphs 4 and 5 hereof, with access thereto limited to Court personnel and persons entitled to access under this Order.

7.     Nothing herein shall be construed as an agreement or admission:  (a) that any information, document or the like designated as "Confidential" by Plaintiffs or Defendant is in fact confidential; or (b) with respect to the competency, relevance or materiality of any thing designated as "Confidential" by any party.

8.      Nothing herein shall prevent disclosure beyond the terms of this Order if the producing party or his/its counsel consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

9.      Any retained expert to whom disclosure of any Confidential Information is made shall be provided with a copy of this Agreed Protective Order prior to such disclosure and shall expressly be bound by the provisions of this Order in the same way that the counsel who retained the expert is bound.   None of the persons entitled by this paragraph to view Confidential Information may disclose such information to anyone not entitled to review same, except as permitted in this Agreed Protective Order.

10.     Upon written request by producing counsel within sixty (60) days after the conclusion of this action, all documents, objects, and other materials produced or designated as "Confidential" under this Order, and all reproductions thereof, shall be returned to the producing party or destroyed.  However, counsel for the party to whom the information was produced shall be permitted to retain in its file copies of all papers and documents filed with the Court in connection with this action.

11.     This Order is without prejudice to the right of either party to this Agreed Protective Order to seek relief from the Court, upon good cause shown, from any of the restrictions provided above.

12.     This Order has been entered into by and between Plaintiffs and Defendant to facilitate discovery and the production of information in this action.  Neither the entry of this Order nor the designation of any information, document, or the like as "Confidential" nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

13.     The undersigned counsel shall make a good faith effort to resolve by agreement any questions concerning the interpretations or applications of this Protective Order that may arise and will in good faith designate as "Confidential" only such information as reasonably necessary.

14.     The attorneys of record are responsible for employing reasonable measures to control access to and distribution of confidential items.

15.     Any party and any interested member of the public can challenge the secreting of any particular document.

The following representatives hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Agreed Protective Order.

Dated: August 14, 2008 _____          /s/ with consent of Donald L. Bramlage, Jr. _____

Donald L. Bramlage, Jr.
30300 Northwestern Hwy., Ste. 111
Farmington Hills, MI  48334
dbramlagepc@comcast.net
*Attorney for Plaintiff*

Dated: _____
August 14, 2008                    /s/ Michael P. Palmer _____

Michael P. Palmer (P71753)

BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan Street
South Bend, IN  46601-1632
michael.palmer@btlaw.com

Dated: August 14, 2008                    /s/ Kelly A. Powis _____
Kelly A. Powis
BARNES & THORNBURG LLP
300 Ottawa Avenue, N.W., Suite 500
Grand Rapids, MI 49503
(616) 742-3930

kelly.powis@btlaw.com

*Attorneys for Defendant*

**APPROVED AND SO ORDERED**:


Dated:  August 15, 2008

_____
Hon. s/Patrick J. Duggan